UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA )
)
v. ) No. CR 07-134
)
WILLIAM CLOUD, )
)
_____ )

## AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION

I, Ellyn Marcus Lindsay, being duly sworn, state as follows:

1. I am a citizen of the United States of America and a resident of State of California.

2. From July 1987 until the present, I have been employed by the United States Department of Justice as an Assistant United States Attorney for the Central District of California. My duties include prosecuting persons charged with criminal violations of the laws of the United States. During my practice as an Assistant United States Attorney, I have become knowledgeable about the criminal laws and procedures of the United States. Since 1992, I have been assigned to the Major Frauds Section of the United States Attorney's Office for the Central District of California. I have personally represented the United States in cases against numerous defendants charged with violations of federal criminal laws, including fraud.

3. In the course of my duties as an Assistant United States Attorney, I have become familiar with the charges and the evidence in the case of United States v. WILLIAM CLOUD, et al., Case No. CR 07-134.

4. A joint investigation involving several law enforcement agencies, including the Internal Revenue Service Criminal Investigations Division (IRS-CID) and the United

States Postal Inspection Service (USPIS), revealed that from at least 2001 until at least 2006, WILLIAM CLOUD and others operated a false lottery scheme to defraud tens of thousands of people. CLOUD performed many functions for the scheme, including setting up bank accounts and facilitating the ability of the scheme to accept credit card payments from victims. He also coordinated the sophisticated mail chain involving commercial mail receiving facilities in several European locations. CLOUD's cohorts, Sonny Vleisides, James Ray Houston, and Dennis Emmett, who were located in Costa Rica, created false and misleading letters and directed others within the United States to mail hundreds of thousands of copies of these letters in order to solicit victims, mainly in the United States, to send money to be pooled to purchase large blocks of lottery tickets from foreign and domestic lotteries, including the "German Bunderschmidt," the "Irish Sweepstakes," and the "El Gordo." The fraudulent solicitations sent to victims contained envelopes pre-addressed to commercial mail receiving agencies established and managed by CLOUD in the Netherlands, Ireland, and other locations.

5.  In response to the fraudulent solicitations, victims sent nearly $19 million, via checks, money orders, and credit cards, to the international mail drops set up by CLOUD and the other co-conspirators. Then, the victims' money was collected at these locations and forwarded to the United States. However, lottery tickets were never purchased. Instead, the victims' money was deposited into various bank accounts in the United States. From there, the money was used to further the scheme, to pay small dollar amounts as alleged winnings to victims, and to provide profit to CLOUD and his cohorts.

6.  On January 11, 2007, United States Magistrate Judge Rosalyn M. Chapman approved a criminal complaint charging WILLIAM CLOUD with a violation of Title 18, United States Code, Section 1341, mail fraud, and issued a warrant for his arrest.

7.  On February 28, 2007, a federal grand jury in the Central District of California issued an indictment against WILLIAM CLOUD and four others, charging them with 11 counts of mail fraud and aiding and abetting and causing an act to be done, in violation of Title 18, United States Code, Sections 1341 and 2, and 12 counts of money laundering and aiding and abetting and causing an act to be done, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2. The indictment replaced the January 11, 2007, complaint against CLOUD and contains the current charges against CLOUD.

8.  An indictment is a formal accusation or charging document issued by a grand jury, which is a part of the judicial branch of the U.S. government. A grand jury consists of 16 to 23 citizens impaneled to review evidence of crimes presented to it by United States law enforcement authorities. Each member of the grand jury must review the evidence presented and determine whether there is probable cause to believe that a crime has been committed and that it is likely that the defendant committed the crime. The grand jury may return an indictment charging the defendant with a crime when at least 12 grand jurors determine that it is more likely than not that the defendant committed the crime.

9.  After an indictment is returned, the court will normally issue a warrant for the arrest of the defendant. On February 28, 2007, United States Magistrate Judge Carolyn Turchin signed an order for a warrant for the arrest of CLOUD based on the indictment.

10. It is the practice of the United States District Court for the Central District of California to retain originals of all indictments and warrants of arrest and file them with the records of the Court. Therefore, I have obtained true and accurate copies of the February 28, 2007, indictment and arrest warrant from the Clerk of the Court and have attached them to this affidavit as Exhibits A and B, respectively. The February 28, 2007, indictment and arrest warrant both remain valid and outstanding.

11.  The statutes and regulations cited in the indictment and those applicable to this case are Title 18, United States Code, Sections 1341, 1956(a)(1)(A)(i), and 2. Each of these statutes was the duly enacted law of the United States at the time that the offenses were committed, at the time the indictment was filed, and is now in effect. Copies of these statutes are attached as Exhibit C.

12.  Counts one through eleven of the indictment charge CLOUD with engaging in a scheme to defraud, in violation of Title 18, United States Code, Section 1341.

13.  To satisfy its burden of proof and convict CLOUD on Counts one through eleven of the indictment, the government, at trial, must establish beyond a reasonable doubt each of the following essential elements: (1) the defendant made up or participated in a scheme to defraud or a plan to obtaining money or property by making false promises or statements; (2) the defendant knew that the promises or statements were false; (3) the promises or statements were material, that is, they would reasonably influence a person to part with money or property; (4) the defendant acted with intent to defraud, that is, the intent to deceive or cheat; and (5) the defendant used, or caused to be used, the United States mails or private or commercial carrier operating in interstate commerce to carry out or attempt to carry out an essential part of the scheme.

14.  Counts twelve through twenty-three of the indictment charge CLOUD with Money Laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

15.  To satisfy its burden of proof and convict CLOUD on Counts twelve through twenty-three of the indictment, the government, at trial, must establish beyond a reasonable doubt each of the following essential elements: (1) the defendant conducted a financial transaction involving property that represented the proceeds of mail fraud; (2) the defendant knew that the property represented the proceeds of mail fraud; and (3) the defendant acted with the intent to promote the carrying on of mail fraud.

16.     Under United States law, pursuant to Title 18, United States Code, Section 2(a), a defendant may also be found guilty of a criminal offense, including mail fraud and money laundering, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To satisfy its burden of proof and convict a defendant of aiding and abetting, the government, at trial, must establish beyond a reasonable doubt each of the following essential elements: (1) mail fraud or money laundering was committed by someone; (2) the defendant knowingly and intentionally aided, counseled, commanded, induced, or procured that person to commit mail fraud or money laundering; and (3) the defendant acted before the crime was completed. It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime charged.

17.     Under United States law, pursuant to Title 18, United States Code, Section 2(b), a defendant may also be found guilty of a criminal offense, including mail fraud and money laundering, if the defendant caused the act to be done. To satisfy its burden of proof and convict a defendant of causing an act to be done, the government, at trial, must establish beyond a reasonable doubt each of the following essential elements: (1) mail fraud or money laundering was committed by someone; (2) the defendant willfully ordered, directed or otherwise brought about the commission of the crime.

18.     The statute of limitations for prosecuting the offense charged in the indictment is governed by Title 18, United States Code, Section 3282, which states:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

While the scheme charged in the indictment began in 1990, the earliest crime charged against CLOUD is dated March 8, 2002. Thus, the indictment, dated February 28, 2007, was filed within the prescribed five-year time period. Therefore, this prosecution is not barred by the statute of limitations.

19. WILLIAM CLOUD is a white male, who is 6 feet, 2 inches tall and was last known to weigh approximately 220 pounds. He was born on January 8, 1950, in Kansas City, Missouri. He has brown hair and green eyes. He was issued a United States passport, number 155853472.

20. The affidavit of Special Agent Timothy Nugent, attached hereto as Exhibit D, further details the evidence against CLOUD. This affidavit and Special Agent Nugent's affidavit were sworn to before a United States Magistrate Judge legally authorized to administer an oath for this purpose. I have thoroughly reviewed these affidavits and the attachments to them, and attest that this evidence indicates that CLOUD is guilty of the offenses charged in the indictment.

ELLYN MARCUS LINDSAY
Assistant United States Attorney

Sworn to and subscribed before me
this 7 day of May, 2007

HONORABLE SUZANNE H. SEGAL
United States Magistrate Judge

## List of Exhibits

A.  Indictment dated February 28, 2007

B.  Arrest Warrant dated February 28, 2007

C.  Relevant statutes

D.  Affidavit of IRS-CID Special Agent Timothy Nugent

   1. Photograph of WILLIAM CLOUD